**KILGORE v. HOPKINS COUNTY LEVEE IMPROVEMENT DIST. NO. 2.***

(No. 2653.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1922. Rehearing Denied Dec. 21, 1922.)

1. Trial ⬩⬩215—Charges merely referring to amount of damages and issues not required to be passed on, if first of several special issues was answered affirmatively, held not erroneous.

A charge merely referring to the amount of damages plaintiff could recover, if entitled to recover, and issues which the jury were not required to pass on, if they answered affirmatively the first of several special issues on which the case was submitted at defendant's request, held not erroneous as a general charge in connection with and preceding the submission of special issues.

2. Appeal and error ⬩⬩930(3)—In absence of statement of facts, court cannot assume that evidence required submission of issues in different form.

In the absence of a statement of facts, the appellate court cannot assume that the evidence required submission of the issues, in a different form than that adopted by the court below, though appellant may have pleaded a different state of facts.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge.

Action by John Kilgore against the Hopkins County Levee Improvement Dist. No. 2. Judgment for defendant, and plaintiff appeals. Affirmed.

Grover Sellers and R. D. Allen, both of Sulphur Springs, for appellant.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellee.

HODGES, J. Appellant brought this suit against the appellee to recover damages to his crops grown during the years 1919, 1920, and 1921. He claimed that during those years his crops were injured from overflows caused by a levee constructed in Sulphur Bottom and on the south side of a tract of land owned by him. He alleges, in substance, that this levee obstructs the flow of the water, causing an accumulation which did not theretofore exist under ordinary circumstances; that the levee caused the water to rise to a greater height in the river bottom on appellant's land, and to remain standing thereon for a greater length of time, than it did prior to such construction, and that by reason of that condition his crops were injured.

At the request of the appellee, defendant below, the case was submitted on special issues. The following is the first question submitted:

"Were the overflows and damage complained of by plaintiff for the year 1919 caused by rains such as would overflow and inundate plaintiff's said land, irrespective of the construction and maintenance of said levee?"

This was followed by a series of other issues relating to the conditions for that year. The jury was told, however, that if this question should be answered in the affirmative they need not answer any of the other questions in that group of issues. The same question, in substance, with the same direction, was submitted for each of the other years. To the three controlling questions the jury answered in the affirmative, and, in obedience to the direction of the court, did not answer any of the other questions. Upon those answers a judgment was entered in favor of the appellee.

[1, 2] The case comes to this court without any statement of facts. The principal objec-

---

tion urged is that the court committed a fundamental error in giving a general charge in connection with and preceding the submission of the special issues. The proposition is that it is error for the court to submit a general charge when either of the parties has asked for the case to be submitted on special issues. We do not construe the charge of the court which is complained of as being subject to the objections made. The second paragraph, which is objected to, merely referred to the amount of damages which the plaintiff could recover for the year 1921 in the event he was entitled to any recovery. In the third paragraph, which is also complained of, the court was instructing the jury regarding the determination of issues which the jury were not required to pass upon if they answered the first question in the affirmative. The form of the questions which the jury answered is objected to for reasons which cannot be reviewed, in the absence of a statement of facts. We cannot assume, in the present state of the record, that the evidence required the issues to be submitted in a different form than that adopted by the court. The fact that the appellant may have pleaded a different state of facts did not, in the absence of appropriate evidence, require the court to submit the controlling issues differently.

In the present state of the record we are unable to discover any error for which the judgment of the trial court should be reversed, and it is accordingly affirmed.